(15 Misc. Rep. 630.)

## TIMOLAT v. S. J. HELD CO.

## OAKLAND CHEMICAL CO. v. SAME.

(City Court of New York, General Term. February 7, 1896.)

1. ORDER FOR STAY—SERVICE ON ATTORNEY.

    Under Code, § 797, subd. 3, providing that service of papers on an attorney whose office is not open, and who has no office letter box, shall be made at his residence, service of an order to show cause, containing a stay, by depositing a copy through a slit in the door of an attorney's office having no letter box, in his absence, was insufficient to give effect to the stay.

2. JUDGMENT—RENDITION PENDING STAY—VACATION.

    A judgment will not be vacated on the ground that it was rendered pending a stay, where, aside from an improper service of the order for the stay, it appears that the judgment defendant had no defense to the merits of the action; that a motion to set aside the service of summons therein had been denied by a referee, after full hearing; and that, if the judgment were set aside, subsequent creditors would obtain undue advantage over plaintiff.

Appeal from special term.

Action by James G. Timolat against the S. J. Held Company, and action by the Oakland Chemical Company against the same defendant. From orders denying motions to set aside judgments in favor of the plaintiffs, defendant appeals. Affirmed.

Argued before VAN WYCK, C. J., and McCARTHY and SCHUCHMAN, JJ.

H. B. Wesselman, for appellant.

W. R. Beach, for respondents.

SCHUCHMAN, J. These are appeals from orders denying motions to set aside the judgments entered herein on November 9, 1895, on the ground that they were irregularly and improperly entered because a stay of proceedings was in force at the time of the

entry of said judgments, granted in the same actions, on a motion instituted by order to show cause "to vacate and set aside the service of the summons" on the ground that J. Julian Held, upon whom the summons was served, was not an officer of the defendant company at the time of the service. The summons was served on November 2, 1895. On November 8, 1895, at 6 o'clock p. m., Justice Botty granted an order to show cause, with a stay, which was attempted to be served on November 9, 1895, at 8:55 o'clock a. m., at plaintiffs' attorney's office, by inclosing copies thereof, with affidavit upon which they were granted, in an envelope addressed to plaintiffs' attorney's office, and depositing them, through a slit in the door of said attorney's office, into his office. Plaintiffs' attorney had then no letter box in his office, and his office was closed. At 9:50 a. m. of that day, plaintiffs' attorney, without having had any notice whatever of the stay, as granted by the court, entered up judgments.

Under this statement of facts, I hold that the service of the orders to show cause, with the stay, was not served in compliance with subdivision 3 of section 797 of the Code,[1] and was not binding on the plaintiffs or their attorney. Livingston v. Railroad Co. (Sup.) 11 N. Y. Supp. 359.

Considering, in addition, that defendants appear to have had no defense upon the merits of the cause of actions, and the motions to set aside the summons in which the stay had been given were afterwards, on a deliberate investigation by a referee, denied, and considering, further, that by vacating these judgments subsequent creditors would gain an undue advantage over these plaintiffs, it would be an injustice, instead of justice, to reverse these orders.

Order appealed from affirmed, with costs. All concur.